UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KATHLEEN ROCHE, D.C.,

       Plaintiff,

     v.                                   Case No. 07-cv-331-JPG

LIBERTY MUTUAL MANAGED CARE, INC.,
LIBERTY MUTUAL INSURANCE COMPANY
and LIBERTY MUTUAL FIRE INSURANCE
COMPANY d/b/a LIBERTY MUTUAL,

       Defendants.

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see*, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Kathleen Roche:

1.     **Failure to allege the citizenship of an individual.**  A complaint asserting diversity jurisdiction must allege the citizenship of an individual party, not merely residence.  28 U.S.C. § 1332(a)(1) & (d)(2)(A); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.  The plaintiff has alleged her residence but not her citizenship.

2.     **Failure to allege the citizenship of a corporation.**  A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation.  28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.  Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).  The plaintiff has alleged the domiciles and the principal places of business of the defendants. However, in order to determine if jurisdiction exists, the Court must know the specific states of incorporation of each of those defendants.

The Court hereby **ORDERS** that the plaintiff shall have up to and including June 1, 2007, to amend the faulty pleading to correct the jurisdictional defects.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  May 16, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**