A CERTIFIED TRUE COPY

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 10 2007

FILED
CLERK'S OFFICE

FILED
OCT 15 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: INSURANCE COMPANIES
"SILENT" PREFERRED PROVIDER
ORGANIZATION (PPO) LITIGATION

MDL No. 1882

07-331-JPG

### ORDER DENYING TRANSFER

**Before the entire Panel**: Plaintiff in three actions has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois, or, alternatively, in either the Southern District of Illinois or the Central District of California. This litigation currently consists of two actions pending in the Southern District of Illinois and two actions pending in the Central District of California and the Northern District of Illinois, respectively, as listed on Schedule A.[1] All responding parties oppose centralization.[2] In the alternative, three defendants advocate centralization in the Northern District of Illinois.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. The four actions before us are against different defendant insurance companies and involve different contracts between those insurers and First Health Corp., a preferred provider organization. The proponents of centralization have failed to convince us that any common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[1]   Two other actions previously pending in the Southern District of Illinois were recently remanded to state court.

[2]   These parties include defendants Hartford Fire Insurance Co., Liberty Mutual Insurance Co., Liberty Mutual Fire Insurance Co., Liberty Mutual Managed Care, Inc., Travelers Casualty & Surety Co., Travelers Property Casualty Insurance Co., Travelers Indemnity Co., Zenith Insurance Co., and Zenith National Insurance Co.; and plaintiff Roselle Chiropractic P.C. in the Northern District of Illinois action.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these four actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

IN RE: INSURANCE COMPANIES
"SILENT" PREFERRED PROVIDER
ORGANIZATION (PPO) LITIGATION                                    MDL No. 1882

## SCHEDULE A

<u>Central District of California</u>

Kathleen Roche, D.C. v. Zenith Insurance Co., et al., C.A. No. 2:07-4492

<u>Northern District of Illinois</u>

Roselle Chiropractic P.C. v. Hartford Fire Insurance Co., C.A. No. 1:07-3479

<u>Southern District of Illinois</u>

Kathleen Roche v. Travelers Property Casualty Insurance Co., et al., C.A. No. 3:07-302
Kathleen Roche, D.C. v. Liberty Mutual Managed Care, Inc., et al., C.A. No. 3:07-331